THE DAGO.

UNITED STATES v. THE DAGO.

(Circuit Court of Appeals, Fourth Circuit. June 2, 1894.)

No. 67.

APPEAL—REHEARING.

A rehearing will not be granted on a petition not complying with any of the requisites prescribed therefor by rule of court, but containing merely an argument as to the insufficiency of the proof to sustain the decree.

Appeal from the District Court of the United States for the District of Maryland.

This was a petition on behalf of the steamship Dago to rescind a decree reversing a decree of a district court dismissing a libel by the United States against the vessel. 61 Fed. 986. The libel was filed to enforce a forfeiture, under the act of February 15, 1893, for entering a 'port of the United States without having obtained a bill of health from the consul, vice consul, or other consular officer of the United States at the port of departure, as required by section 2 of the act.

The petition was as follows:

The petition of the steamship Dago and William Scroggie, her master, humbly shows unto your honors that by the third section of the Acts of Congress of 1893 (chapter 114),—the act construed in the opinion of this cause,—it is provided: "None of the penalties herein imposed shall attach to any vessel or owner, or the officer thereof, until a copy of this act with the rules and regulations made in pursuance thereof, has been posted up in the office of the consul or other consular officer of the United States for ten days in the port from which said vessel sailed; and the certificate of such consul or consular officer over his official signature, shall be competent evidence of such posting in any court of the United States." By the Revised Statutes of the United States (section 1674), the following definitions are given: "Consul general, consul and commercial agent, shall be deemed to denote full, principal and permanent consular officers, as distinguished from subordinates and substitutes. * * * Consular officers shall be deemed to include consuls general, consuls, commercial agents, deputy consuls, vice consuls, vice commercial agents and consular agents and none others." The certificate of posting of the act of February 15, 1893, and the regulations of the treasury department, was made February 24, 1893, and signed by "Gerald Moseley, Acting U. S. Consul for Bristol" (Record, 7). The signer, according to his signature, was not a full, principal, and permanent consular officer, as distinguished from a subordinate and a substitute, which is defined to be the meaning of the word "consul" by section 1674. Hence, his certificate of the posting was not such a posting as is contemplated by the act now under construction. Hence, there is no proof of the posting, and none of the penalties of the act can be visited on the Dago under section 3, supra. The provision which allows a certificate of the doing

of some act as evidence in a criminal proceeding may perhaps be of doubtful constitutional validity, as every man is entitled to be confronted with the witnesses who testify to the facts which are necessary to make out a criminal charge against him, but certainly no latitudinarian construction can be permitted to supplement or eke out the inadmissible proof offered. "Statutes Prescribing Forms of Proceeding or Modes of Proof. In regard to these the maxim holds good, 'Non observata forma, infertur adnullatio actus.' In these cases the proof or procedure required by law is rigidly exacted, the restriction rigidly insisted, without regard to the facts or the hardship of the case, and this with abundant reason, for it is the evident intention of these statutes to prescribe fixed forms or rules to guard against certain abuses likely to occur from the absence of an arbitrary and peremptory provision." Sedg. St. Const. 275, 276. It is therefore submitted that there is no proof in the record of a posting of the law as is required by section 3 of the act, and that, therefore, the steamship cannot be visited with any of the penalties mentioned in the act. The appellee therefore respectfully moves the court to rescind the decree heretofore passed, and to affirm the decree of the district court, because of the insufficiency of the proof upon the point mentioned.

J. Wilson Leakin, for appellee.

SIMONTON, Circuit Judge. This is a petition praying that this court will rescind the decree heretofore passed, and that it will affirm the decree of the district court because of the insufficiency of the proof upon a point mentioned in the petition. The paper is wholly abnormal in its character. It is not a petition for rehearing, for it does not comply with any of the requisites prescribed by rule 29, 1 C. C. A. xxiii., 47 Fed. xiii. It is an argument applicable to a motion made after a rehearing had been granted. The petition cannot be entertained.

It is proper to state that, were this matter presented in proper form, we see no reason to change the conclusion which the court has reached in this case, and a rehearing would have been denied.